UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*IN RE EX PARTE APPLICATION OF SAUL KLEIN*

23 Misc. 211 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This case involves an application for discovery for use in foreign proceedings that involve allegations of mismanagement of an estate in Brazil. In the Brazilian proceedings, the petitioner here, Saul Klein ("Saul"), alleges that his brother, Michael Klein ("Michael"), as administrator of their father's probate proceeding and executor of their father's estate, deceived their father's heirs as to the value of their father's offshore assets in order to "deprive[] [p]etitioner of his rightful inheritance." Dkt. 2 at 2. In this action pursuant to 28 U.S.C. § 1782, Saul seeks records from U.S. financial institutions detailing transactions made on his father's behalf, as well as transactions made by Saul's two siblings, Michael and Eva Lea Klein Ostrovski ("Eva"). *E.g.*, Dkt. 2, Ex. 2 at 12–14 (Saul's exhibit subpoena). Saul proposes to use these records in ongoing civil and criminal lawsuits against Michael in Brazil. *See* Dkt. 2 at 14–16, 20–25.

On July 10, 2023, the Court granted Saul's *ex parte* application under 28 U.S.C. § 1782 for authority to issue subpoenas *duces tecum*. *See* Dkt. 6. On July 24, 2023, the Court received an unopposed motion from Michael, joined by various limited liability companies controlled by Michael and Eva, to intervene in this case as interested parties, *see* Dkt. 7, which the Court granted on July 25, 2023, *see* Dkt. 16. On July 26, 2023, Michael and associated companies

(collectively, "the interested parties") filed a motion to compel Saul to serve on them copies of the subpoenas *duces tecum* issued and all documents produced in connection with the application granted in this matter. *See* Dkt. 14; *see also* Dkt. 18 (response from Saul to the interested parties' motion to compel). On August 2, 2023, the interested parties filed a further motion to stay enforcement of the subpoenas *duces tecum* for 30 days. *See* Dkt. 19.

The subpoenas have been produced to the interested parties, mooting that aspect of the interested parties' request. *See* Dkt. 18, Ex. 2. As to the interested parties' motion to compel the production of documents produced pursuant to the subpoenas, the Court denies that motion, without prejudice, given Saul's representation that "no documents have yet been produced in response to the subpoenas." Dkt. 18 at 1.

To the extent the interested parties seek a stay of § 1782 discovery, the Court grants in part and denies in part that motion. The interested parties seek a 30-day stay to afford them "an opportunity to conclude their investigation and seek appropriate relief." Dkt. 20 at 5. But the interested parties have known of this application since at least July 13, 2023, when the interested parties' attorney first contacted Saul's attorney to discuss "the proceeding you instituted in the Southern District of New York." Dkt. 18, Ex. 1 at 27 (email from interested parties' attorney). They therefore have had already more than three weeks to investigate the matters at hand. The interested parties, as proponents of a stay, "bear[] the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The interested parties have not demonstrated why, given an additional five days, they cannot complete the investigation they claim to contemplate.

The Court accordingly directs the interested parties to file any response to Saul's application for § 1782 discovery by Friday, August 11, 2023. Any reply by Saul is due Tuesday,

August 15, 2023.  The Court further directs that Saul, until Friday, August 18, 2023, take no further efforts in support of the § 1782 discovery he has sought in this proceeding; and directs Saul, in the event that he receives discovery responsive to these subpoenas between now and August 18, to make no use of that discovery and take no action with respect to that discovery, but instead to alert the Court and the interested parties, via a filing on the docket of this case, to the fact of his receipt of such discovery.  The Court further stays the obligation of any non-party on whom a subpoena *duces tecum* has been served to comply with such a subpoena, pending further action of this Court.  The Court further orders Saul forthwith to serve a copy of this order upon all non-parties to whom a subpoena *duces tecum* has been served.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 7, 2023
       New York, New York